# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

MICROSOFT CORPORATION

Plaintiff

vs                                    CIVIL 98-1578CCC

A TO Z COMPUTER SOURCE,
RICHARD GUEVARA, his wife JANE DOE,
and their conjugal partnership d/b/a A TO Z
COMPUTER SOURCE; and
REALISTIC COMPUTER, INC.

Defendants

## O R D E R

    Upon Motion filed by plaintiff Microsoft Corporation (**docket entry 41**), pursuant to Puerto Rico's Mortgage law, P.R. Laws Ann. Tit. 30 §1801-1813 and Rule 56 of Puerto Rico's Rules of Civil Procedure, and it appearing therefrom and from the record in this case that Realistic Computer, Inc. is indebted to plaintiff by virtue of a judgment entered on February 7, 2000, in the amount of $53,910.62 for statutory damages, attorney's fees, and costs, plus post-judgment interest, as fixed by the Commissioner of Financial Institutions, and computed from February 7, 2000 until payment is completely satisfied by plaintiffs, the Court hereby ORDERS

    1) That a writ of attachment be issued by the Clerk of Court whereby, pursuant to Rule 56.4 of the Puerto Rico Rules of Civil Procedure, the Registrar of Property of Puerto Rico shall be instructed to record and levy an attachment on so much of the property and assets of Realistic Computer, Inc., whether personal or real, as may be found in this District, and as shall be of value sufficient to satisfy the judgment debt which Realistic Computer, Inc. has with plaintiff, including but not limited to any real property owned by Realistic Computer, Inc., any personal property such as fixtures or inventories, bank accounts, and such other property as plaintiff may designate to effect the attachment or garnishment. The Clerk of Court is

CIVIL 98-1578CCC                          2

instructed to issue such writs of attachment and/or garnishment to the Registrar of the Property of Puerto Rico (in the case of real property), or to the United States Marshal of this Court or any private person appointed to serve such writs in lieu of the Marshal as may be necessary to give effect to this order. Should any real property be attached such writs shall provide that Realistic Computer, Inc. be notified thereof and that the proper notation be made in the Registry of the Property of Puerto Rico, all as required by Rule 56.4 of the Puerto Rico Rules of Civil Procedure.

2) The Court hereby appoints Roberto Morales with address at 1452 Ashford Avenue, Suite 409-A, Condado, Puerto Rico, 00907, to serve any writs as may be necessary to give effect to this Order in lieu of the United States Marshal.

3) That plaintiff is excused from posting bond in accordance with Rule 56 of the Puerto Rico Rules of Civil Procedure since their request for attachment of property is sought to secure the effectiveness of a judgment already entered.

4) That an Abstract of Judgment be issued by the Clerk of Court whereby the Registrar of Property of Puerto Rico be instructed to record such Abstract in the "Judgment record" of any section of the Registry of Property of Puerto Rico, to secure payment of the aforementioned judgment, entered on February 7, 2000 in favor of plaintiff, Microsoft, and ORDERING Realistic Computer, Inc. to jointly and severally pay plaintiff the amount of $53,910.62 plus interest as fixed by and computed on February 7, 2000 until payment is completely satisfied.

5) IT IS FURTHER ORDERED that Realistic Computer, Inc. is prohibited and should refrain from disposing and/or encumbering whatever assets real or personal it may own as shall be sufficient to cover the amount subject to the complaint herein.

CIVIL 98-1578CCC                              3

6) Plaintiff may have such other and further relief as may be required to implement this Order by further application to this Court.

SO ORDERED.

At San Juan, Puerto Rico, on May *II* , 2000.

CARMEN CONSUELO CEREZO
United States District Judge

Wherefore, the Registrar of the Property of Puerto Rico is hereby ORDERED to proceed by virtue of this Writ of Attachment and in compliance with the Order transcribed above and with Rule 56.4, P.R. Rules of Civil Procedure, to make the necessary notations in the Registry of Property to effect attachment of the afore-described property, in order to secure the effectiveness of the judgment that may be entered against the defendant in this case.

At San Juan, Puerto Rico, on May ___, 2000.

FRANCES RIOS DE MORAN
Clerk of Court

AO 72A
(Rev.8/82)